IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CURTISS L. JEMISON,
      Plaintiff,

vs.                                   Case No.:  3:12cv597/LAC/EMT

DAVID MORGAN, et al.,
      Defendants.
_____/

**ORDER and REPORT AND RECOMMENDATION**

Plaintiff, an inmate of the Florida Department of Corrections housed at Lake Correctional Institution, commenced this 42 U.S.C. § 1983 action on December 16, 2012 (doc. 1).  He also filed a motion to proceed in forma pauperis (doc. 2).

Title 28 U.S.C. § 1915(g), the "three strikes" provision of the Prison Litigation Reform Act, prohibits a prisoner from proceeding in forma pauperis under certain circumstances.  That provision provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

A prisoner who is no longer entitled to proceed in forma pauperis must pay the filing fee at the time he initiates his lawsuit, and his failure to do so warrants dismissal of his case without prejudice.  *See* Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the

prisoner leave to proceed in forma pauperis pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit."); Vanderberg v. Donaldson, 259 F.3d 1321, 1324 (11th Cir. 2001). The only exception is if the prisoner alleges that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); Brown v. Johnson, 387 F.3d 1344 (11th Cir. 2004).

The court takes judicial notice of three cases previously filed by Plaintiff, while incarcerated, which were dismissed as malicious. *See* Jemison v. Morgan, et al., No. 3:12cv517/RV/EMT, 2012 WL 6114923 (N.D. Fla. Dec. 10, 2012) (unpublished) (dismissing, as malicious pursuant to § 1915(e)(2)(B), civil rights complaint filed by Plaintiff while incarcerated); Jemison v. Hemphill, et al., No. 3:10cv265/MCR/MD, 2010 WL 3489778 (N.D. Fla. Sept. 1, 2010) (unpublished) (same); Jemison v. Hemphill et al., No. 3:10cv266/MCR/EMT, 2010 WL 3277423 (N.D. Fla. Aug. 18, 2010) (unpublished) (same).[1] Therefore, Plaintiff may not proceed in forma pauperis in the instant case, unless he qualifies under the "imminent danger of serious physical injury" exception of § 1915(g).

Circuit court cases have been helpful in determining what a prisoner with three strikes must show in order to be allowed to proceed in forma pauperis. According to the Eleventh Circuit, in Brown v. Johnson, 387 F.3d 1344, 1350 (11th Cir. 2004), "the issue is whether [the] complaint, as a whole, alleges imminent danger of serious physical injury." Accordingly, when determining whether a plaintiff has met his burden of proving that he is in imminent danger of serious physical injury, the court must look to the complaint, which must be construed liberally and the allegations of which must be accepted as true. *See id.*; Jackson v. Reese, 608 F.2d 159, 160 (5th Cir. 1979); McAlphin v. Toney, 281 F.3d 709, 710 (8th Cir. 2002). General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g). Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003). The plaintiff must allege and provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury," *id.*, and vague allegations of harm and unspecific references to injury are insufficient. White v. State of Colorado, 157 F.3d

---

[1] The inmate number of the plaintiff in those cases (#P03564) is the same as Plaintiff's.

Case No.: 3:12cv597/LAC/EMT

1226, 1231 (10th Cir. 1998). A claim by a prisoner that he faced a past imminent danger is an insufficient basis to allow him to proceed in forma pauperis pursuant to the imminent danger exception. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that exception not triggered where threat of assault by other prisoners ceased to exist when plaintiff was placed in administrative confinement prior to filing of his complaint); *see also* Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002) (holding that "imminent danger" exception to § 1915(g)'s "three strikes" rule is construed narrowly and available only "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate."). Moreover, "imminent danger" is assessed not at the time of the alleged incident, but rather at the time the complaint is filed. *See* Abdul-Akbar v. McKelvie, 239 F.3d 307, 213 (3d Cir. 2001).

In the instant case, Plaintiff names as Defendants the Sheriff of Escambia County and four correctional officers at the Escambia County Jail (doc. 1 at 1, 2). Plaintiff alleges that in January and February of 2010, Defendants wrongfully confiscated his personal property (a radio and headphones) without compensating him for it, and deprived him of his "medical shoes," which were authorized by a doctor (*id.* at 10–13). Plaintiff alleges the deprivation of his "medical shoes" caused "mental aggravation" and injury to his hip such that he sought a hip replacement (*id.* at 12, 14). He claims that Defendants' conduct violated his Fifth, Eighth, and Fourteenth Amendment rights (*id.* at 13). As relief, he seeks a declaratory judgment, monetary damages, and injunctive relief (*id.* at 13–14).

Plaintiff's allegations regarding conduct that occurred three years ago at an institution where he is no longer incarcerated do not suggest he is under any danger of physical injury, let alone an imminent threat of serious physical injury. Therefore, he does not qualify under the imminent danger exception to § 1915(g). Because Plaintiff is not entitled to proceed in forma pauperis, and he did not pay the filing fee at the time he initiated this action, this case must be dismissed under § 1915(g).

Accordingly, it is **ORDERED**:

Plaintiff's motion to proceed in forma pauperis (doc. 2) is **DENIED**.

And it is respectfully **RECOMMENDED**:

That pursuant to 28 U.S.C. § 1915(g), this cause be **DISMISSED WITHOUT PREJUDICE** to Plaintiff's initiating a new cause of action accompanied by payment of the $350.00 filing fee in its entirety.

At Pensacola, Florida, this 7<u>th</u> day of January 2013.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only.</u> A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; <u>United States v. Roberts,</u> 858 F.2d 698, 701 (11th Cir. 1988).